BARRY, Judge.
Leslie Simmons signed an application to purchase life insurance from the defendant on March 15, 1977. The application was approved by the home office and the policy was dated April 9, 1977. The home office then returned the policy to defendant’s agent, Earl Owens, for delivery to the insured and collection of the initial premium. The first monthly payment was made May 16, 1977, followed by three successive monthly premium payments on June 20, 1977, July 15, 1977, and August 22, 1977. The insured, Leslie Simmons, died by accidental death on September 26, 1977.
The beneficiary and plaintiff Dorothy Simmons, decedent’s mother, made demand (through her attorney) on defendant for the face amount of the policy, $10,000.00, plus accidental death benefits of $20,000.00. Defendant refused payment on the premise that the policy had lapsed since the last monthly payment. The District Court rendered judgment in favor of plaintiff ordering payment of $30,000.00, plus a 6% penalty for nonpayment, legal interest, and costs.
The primary issue on appeal is whether the insured’s death occurred before the policy lapsed for nonpayment. If benefits are payable, appellant questions imposition of the penalty because it contends denial was for good cause.
In order to determine whether the policy had lapsed prior to Mr. Simmons’s death, it is essential that we first ascertain the effective date of the policy. Appellant argues that the “policy date” of April 9, 1977, is controlling because of the policy provision which states:
“A premium is due and payable on the policy date and on the day following the expiration of each premium payment. Thereafter during the lifetime of the insured . . . ”
Accepting April 9, 1977, as the effective date of the policy, four monthly payments from that date would keep the policy in force through August 9, 1977. The policy provides for a 31 day grace period following the last payment. Appellant contends that, including the grace period, the insurance policy lapsed on September 9, 1977 and no benefits are payable because insured’s death occurred on September 26, 1977.
Appellee urges that the policy became effective with the first payment made on May 16, 1977, and with three subsequent payments made the policy paid through September 16,1977. Addition of the 31 day grace period then clearly brings insured’s *610 death on September 26, 1977 within the provisions of the policy.
It is undisputed that decedent paid the first premium on May 16, 1977. Earl Ownes, sales agent on the policy, testified that he attempted to “place the policy” with the insured on or before the policy date of April 9, 1977, and to collect the initial premium. The agent stated that he made numerous efforts to deliver the policy and secure payment but was unable to do so before May 16, 1977. In considering when the policy became effective it is important to note the language on the insurance application which provides:
“It is agreed that:
C. Except as provided in the receipt attached hereto, which is the only receipt authorized to be given, no insurance shall take effect unless and until the policy has been delivered and the first premium paid during the lifetime and good health of each person proposed for insurance.” (emphasis added).
This language is clear and unambiguous and forms a part of the policy issued to the insured. If there is language conflict between the application and the policy, our jurisprudence holds that uncertainties and ambiguities in insurance contracts are to be resolved in favor of the insured and against the insurer. LSA-C.C Art. 1957, Francis v. Universal Life Insurance Company, 223 So.2d 188 (La.App.3rd Cir., 1969), certiorari denied, 254 La. 781, 226 So.2d 771; Rodriguez v. Northwestern Nat. Ins. Co., 358 So.2d 1237, (La.1978).
Appellant cites Oil Well Supply Co. v. New York Life Ins. Co., 214 La. 772, 38 So.2d 777 (1949). There, as here, the policy provided that the insurance was to have effect upon delivery and payment of the first premium. In that case, however, the insured requested on the application that the policy become effective from the date of the application. An examination of decedent’s application in this case is silent on the effective date of the policy except as quoted above “. . .no insurance shall take effect unless and until the policy has been delivered and the first premium paid . ”. It is interesting to note Section 28 of the application which says: “Indicate any special request here.”, which is blank. If the insured orally requested to have the policy dated April 9, 1977, as appellant’s sales agent testified, or any other date, then agent Owens should have so noted.
A written conflict as to the effective date of a policy should be resolved in favor of the insured. If there is any uncertainty or ambiguity it must be construed in favor of the policy holder and against him who contracted the obligation. LSA-C.C. Art. 1957. We therefore conclude that a policy application, which has a specific provision for the policy to become effective when the policy is delivered and the first premium paid, clearly shows the intent of both parties notwithstanding standard policy provisions.
Since we hold that the policy became effective May 16, 1977, and the four monthly payments carried the policy through September 16, 1977, adding the 31 day grace period made the policy viable and in full force and effect at the time of insured’s accidental death on September 26,1977. It is therefore unnecessary to consider written notice requirements before a life policy lapses under LSA-R.S. 22:177.
Appellant questions imposition of the 6% penalty provided by LSA-R.S. 22:657(B). Appellee provided an affidavit to the insurer which showed decedent’s death as September 6, 1977, when in fact death occurred September 26, 1977. Thereafter, counsel for the beneficiary (appellee) tendered a monthly premium with the intent to reinstate the policy if that was necessary. On October 28, 1977, senior counsel for appellant wrote a letter to appellee’s attorney which stated “Our understanding is that the date of death was September 26.” Certainly the insurance company was aware that their insured died, whether it be September 6 or September 26, 1977.
After notification of death, appellant should have taken some positive steps to investigate the validity of the claim. *611 However, it is difficult to say that the insurer acted in bad faith or without just cause when it withheld payment of the life insurance proceeds. LSA-R.S. 22:657 provides for payment of accidental death claims within 60 days after receipt of due proof of death unless the insurer has just cause. After the date of death was ascertained, a serious question remained concerning the effective date of the policy. We feel this was sufficient justification to withhold benefits until a judicial determination of the facts.
For the above reasons, the judgment appealed from is amended to eliminate the 6% penalty, and in all other respects affirmed with costs of this appeal assessed to defendant-appellant.

AMENDED and AFFIRMED.