223 So.2d 188 (1969)
Mrs. Evelyn FRANCIS, Plaintiff-Appellant,
v.
UNIVERSAL LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 2687.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1969.
Rehearing Denied June 18, 1969.
*189 Bass & Lawes, by Fred C. Selby, Lake Charles, and I. Henderson, Baton Rouge, for plaintiff-appellant.
A. M. Trudeau, Jr., and A. P. Tureaud, New Orleans, for defendant-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
This suit was instituted by Evelyn Francis to recover the proceeds alleged to be due on a life insurance policy issued by defendant, Universal Life Insurance Company, insuring the life of plaintiff's deceased husband. The trial judge held that the policy had lapsed for nonpayment of premiums, and that plaintiff thus was not entitled to recover the face value of that policy. Judgment was rendered in favor of plaintiff for $388.10, that being the amount *190 due as a "paid up endowment benefit" under the contract. Plaintiff has appealed.
The following important issues, among others, are presented: (1) Is the policy on which this suit is based excepted from the provisions of LSA-R.S. 22:177 on the ground that it was issued upon the payment of monthly premiums? (2) If it is not excepted from the provisions of that section of the Revised Statutes, then did the defendant's failure to send written or printed notice of the premium due preclude it from urging in this suit that the policy lapsed prior to the death of the insured because of nonpayment of premiums?
The life insurance policy involved here was issued by defendant on December 17, 1962, insuring the life of plaintiff's husband, Lawrence Francis. The policy provided that monthly premiums of $33.37 were to be paid in advance on or before the 17th day of each month, and that the payment of each such premium maintained the policy in force for a period of one months from the date that premium was due.
Premiums were paid regularly each month by the insured from the date the policy was issued up to and including the premium which became due on April 17, 1965. The payment of the monthly premium which became due on that date maintained the policy in force until May 17, 1965. No premiums have been paid on the policy since that time. The insured, Lawrence Francis, was killed almost instantly in an automobile accident which occurred on April 19, 1966.
Plaintiff contends that the policy was still in effect at the time of her husband's death, in spite of the fact that no monthly premiums had been paid on the contract for almost a year prior thereto. She argues as a basis for her claim that LSA-R.S. 22:177 is applicable, that defendant did not send to the insured written or printed notice of the premiums due, or notice of the fact that the policy had lapsed, all as provided in that section of the Revised Statutes, and that the insurer thus is barred from urging in this suit that the policy lapsed before the death of the insured, which death occurred within one year after the default in payment of the premium.
Defendant contends primarily that LSA-R.S. 22:177 is not applicable, because the policy was issued upon the payment of monthly premiums. It is argued that such a policy is specifically expected from the provisions of that statute. Alternatively, defendant contends that adequate and timely notice of the amount of premiums due and of the lapse of the policy were given to the insured.
The pertinent portions of LSA-R.S. 22:177 read as follows:
"No life insurer shall within one year after default in payment of any premium, installment, loan or interest, declare forfeited or lapsed any policy issued or renewed, and not issued upon the payment of monthly or weekly premiums or for a term of one year or less, for non-payment when due of any premium, installment, loan or interest, or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice stating:
"(1) The amount of such premium, installment, loan or interest, or portion thereof due on such policy; and
"(2) The place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured or the assignee of the policy if notice of the assignment has been given to the insurer, at the last known post office address of such insured or assignee, postage prepaid by the insurer or any person appointed by it to collect such payment, at least fifteen and not more than forty-five days prior to the date when the same is payable.
"No policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Any payment *191 demanded by such notice and made within the time limit shall be taken to be full compliance with the requirements of the policy in respect to the time of such payment." (Emphasis added.)
Defendant relies on that portion of the statute which recites, in effect, that this section is not applicable to a policy which is "issued upon the payment of monthly or weekly premiums or for a term of one year or less." In arguing that the insurance contract involved here was issued upon payment of monthly premiums, and thus is excepted from the statute, defendant refers us to the following provision of the policy:
"This policy is issued in consideration of the application therefor, a copy of which is hereto attached as a party hereof, and of the payment in cash in advance of the monthly premium of $33.37 and of a like monthly premium on or before the 17th day of Each Month of each year hereafter until the premiums for thirty-two full years shall have been paid during the continuance of this Contract or until the death of the insured, and the payment of the premiums as above referred to shall maintain this Policy in force for a period of one month from the date such premium was due." (Emphasis added.)
The above quoted provision of the policy, considered alone, might be sufficient to support the position taken by defendant. There are other provisions of the policy, however, which indicate that it was issued upon payment of an annual, rather than a monthly premium. On the face of the policy, for instance, after reciting that this is an endowment policy for $10,000.00, with "premiums payable for 32 years," the following statements appear:

"Annual Premium $371.00
 Semi-Annual $192.90
 Quarterly $ 98.40
 Monthly $ 33.37"

On the first page of the policy there is a provision that the policy matures on the 65th birthday of the insured, which maturity date is stipulated to be December 17, 1994. And, at the top of the first page there is a statement:
 "Annual Premium
 $371.00
 Age 33"
Under the heading "Benefits, Conditions and Privileges," on page two of the policy, the following stipulations are included:

"The premium is payable annually in advance, but may be made payable in semi-annual installments in advance or quarterly installments in advance upon written request made by the insured to the Company before the end of the grace period. A semi-annual installment shall be 52 per cent of an annual premium and a quarterly installment shall be 26.5 per cent of an annual premium."
* * * * * *
"Thirty-one days of grace will be allowed for the payment of any premium, or any installment thereof, except the first, during which time this policy will remain in force. Any unpaid premium or installment thereof required to complete the payment for the policy year in which death occurs shall be deducted from the amount otherwise payable hereunder." (Emphasis added.)
And, under the subject of "Non-forfeiture Provisions," on page 3, the policy provides that the insured may select several options, one of which is:
"Surrender this policy properly receipted, at the Home Office of the Company, for its Cash Value which shall be the sum indicated in the Table of Options opposite the number of years for which full annual premiums have been paid." (Emphasis added.)
Although the first quoted provision of the policy indicates that the policy was issued upon the payment of monthly premiums, and thus that it is excepted from the above cited statute, the last quoted provisions *192 indicate that instead the policy was issued upon the payment of annual premiums, but that to suit the convenience of the insured these annual premiums could be paid in semi-annual, quarterly or monthly installments.
This last interpretation of the meaning of the policy seems to be the one which was given to it by two of the three agents of the defendant company who testified at the trial. For instance, Dennis C. Ware, an agent for the defendant insurer, testified that "All premiums are due annually; however, they can be paid semi-annually, quarterly or monthly," and that the plan of permitting the insured to pay the annual premium in installments was "a matter of convenience to the policyholder." Willie J. Irons, the Assistant Agency Director for defendant, testified that "All premiums are set up on an annual basis with right of the company to grant these premiums be paid on a monthly, quarterly, semi-annually basis," and that "if the person was paying it annually he would pay $371.00 a year." He stated further that "The premium is payable annually in advance but may be made payable in semi-annual installments in advance or quarterly installments in advance upon written request made by the insured to the company before the end of the grace period." The other official or agent of the defendant company who testified at the trial was not questioned and made no statements as to whether the premiums were payable on an annual or monthly basis.
Under Louisiana law, uncertainties or ambiguities in insurance contracts are to be resolved in favor of the insured and against the insurer. LSA-C.C. art. 1957; Anderson v. Indiana Lumbermens Mutual Insurance Company of Indianapolis, Indiana, 127 So.2d 304 (La.App.2d Cir. 1961); Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La.App.2d Cir. 1965). Any uncertainty or ambiguity in the insurance policy being considered here, therefore, must be construed in favor of the policy holder.
We think the policy was issued upon the payment of annual premiums, with the insured having the option of paying that premium in monthly installments. There is no question but that the insured could have paid an annual premium of $371.00 under the policy, but he also could have elected for his own convenience to pay that annual premium in semi-annual, quarterly or monthly installments. If he chose to pay the annual premium in installments he, of course, was required to pay a higher rate, the rate being graded according to the installment plan he selected.
We find no merit to the argument that the policy was issued "for a term of one year or less," and thus is excepted from the provisions of LSA-R.S. 22:177.
"Term insurance" may be defined as insurance for a specified term only, the premium being calculated on the basis that the death benefit will become due only if death occurs during that specified period of time. The premiums which become due and payable are for a specific term, and the premiums usually increase with each renewal term. A true term contract has no loan or cash value. It, in fact, has no value at all, except in the event of the death of the insured prior to the expiration of the contract. 43 Am.Jur. 2d, Insurance, Section 3, p. 67; 44 C.J.S. Insurance § 27, p. 486; Appleman, Insurance Law and Practice, Sections 3 and 111; Robb v. Metropolitan Life Insurance Company, 351 Mo. 1037, 174 S.W.2d 832 (1943); Howell v. Security Mutual Life Insurance Company, 215 Mo.App. 692, 253 S.W. 411 (1923); Harwell v. Mutual Benefit Health and Accident Association, 207 S.C. 150, 35 S.E.2d 160, 161 A.L.R. 183 (1945).
The policy which forms the basis for the instant suit imposed an obligation on the insurer to pay the face amount of the policy to the insured on the anniversary of that policy nearest his 65th birthday, or to pay that amount to the beneficiary in the event of the death of the insured prior to the maturity date. The insurer *193 could not escape that obligation so long as the premiums due on the policy were paid timely. The premiums remained constant from the time the policy was issued until it matured, and the contract provided for cash surrender values, for loan values, and for paid up insurance. The policy thus was not for a specified time, and it cannot be regarded as "term insurance."
The trial judge held that the policy was issued upon payment of monthly premiums, and that it thus was excepted from the provisions of LSA-R.S. 22:177. We think he erred in reaching that conclusion. In our opinion, the policy involved here was not excepted from the provisions of LSA-R.S. 22:177 on the grounds that it was "issued upon the payment of monthly or weekly premiums" or that it was issued "for a term of one year or less."
We turn now to the question of whether defendant is barred by the provisions of the above cited statute from urging that the policy had lapsed before the death of the insured.
Plaintiff testified that neither she nor her husband, the insured, ever received a written or printed notice that a premium was due or that the policy had lapsed for the nonpayment of premiums. Her testimony to that effect is not contradicted. The evidence shows, however, that an agent of defendant called on plaintiff regularly and collected the premiums until about June, 1965, and that on those calls he, in effect, informed her orally that the premiums were due. The agent also testified that several months after May 17, 1965, but before the insured died, he informed plaintiff verbally that the policy had lapsed. He stated that plaintiff thereupon expressed a desire to pay up the past due premiums and reinstate the policy, but that nothing was done by her thereafter to get the policy revived. Defendant argues that plaintiff thus had "ample knowledge" of the fact that the premiums had become due and that the policy had lapsed.
Under LSA-R.S. 22:177, the defendant in this suit is prohibited, within one year after default in payment of a premium, from declaring this policy lapsed for non-payment of premiums, unless a written or printed notice of the amount of premiums due on such policy is sent to the insured. We think the oral or verbal notices given by defendant's agent in this instance were not sufficient to satisfy the requirements of this section of the Revised Statutes.
Since no written or printed notices were sent as provided in the above cited statute, the insurer was precluded from declaring the policy lapsed within one year from May 17, 1965, that being the date on which the default occurred. The death of the insured took place within that one year period. We find, therefore, that the policy was still in effect at the time of the death of the insured, and the plaintiff is entitled to recover the death benefit provided in the policy.
Since we have concluded that plaintiff is entitled to recover on the grounds herein described, it is unnecessary for us to consider the additional grounds urged by plaintiff as a basis for her demands.
The policy provides for a death benefit of $10,000.00. Plaintiff demands judgment for $20,000.00, however, alleging that the policy contained a "double indemnity" clause providing for payment of double the amount otherwise due in case of accidental death.
We find no "double indemnity" provision in the policy. The agent of defendant who sold the policy acknowledged that he had represented to plaintiff and to her husband that the policy contained such a provision, and the record indicated that he did not correct that statement later, not even when the policy was delivered to them. We have concluded, however, that an award of double indemnity cannot be made based solely on the representation made to the insured by the agent.
*194 We conclude that plaintiff, as the beneficiary named in the policy, is entitled to recover the sum of $10,000, that being the death benefit provided in the policy. Since the insured owned a total of 12 monthly premiums at the time of his death, the amount of these accrued but unpaid premiums must be deducted from the award. According to our figures, premiums at the rate of $33.37 for 12 months amounts to $400.44.
For the reasons herein set out, the judgment appealed from is reversed. Judgment is hereby rendered in favor of plaintiff, Evelyn Francis, and against defendant, Universal Life Insurance Company, for the sum of $9,599.56, with interest at the rate of five per cent per annum from date of judicial demand until paid, and for all costs of this suit. The costs of this appeal are assessed to defendant-appellee.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.