# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 21, 2010

## STATE OF TENNESSEE v. RYAN SMITH

**Appeal from the Circuit Court for Marion County**
**No. 8550       Thomas W. Graham, Judge**

---

**No. M2009-01976-CCA-R3-CD - Filed July 29, 2010**

---

The defendant, Ryan Smith, appeals the trial court's denial of his motion to amend the judgment in his statutory rape case to eliminate the requirement that he register as a sex offender, arguing that the trial court misinterpreted Tennessee Code Annotated section 40-39-202(20)(A)(ii), which defines when a statutory rape conviction triggers sex offender registry requirements. Based on our review, we agree that the trial court misinterpreted the statute and that the defendant's conviction does not require his registration as a sex offender. Accordingly, we reverse the trial court's order and remand for the court to amend the defendant's judgment to remove the defendant's placement on the sex offender registry.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Philip A. Condra, District Public Defender; and Charles Doug Curtis, II, Assistant Public Defender, for the appellant, Ryan Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; James Michael Taylor, District Attorney General; and Julia Oliver, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On May 12, 2009, the defendant pled guilty to statutory rape, a Class E felony, in violation of Tennessee Code Annotated section 39-13-506(b)(1), and was sentenced by the

trial court to one year in the Department of Correction to be served consecutively to another case out of general sessions court. On June 18, 2009, the State filed a motion requesting that the judgment be amended to require that the defendant register as a sex offender, pursuant to Tennessee Code Annotated sections 40-39-202(19) and (20)(A)(ii). Subsequently, on June 23, 2009, the trial court entered an agreed order in which the defendant acknowledged that his conviction required his registration as a sex offender.

On July 31, 2009, however, the defendant filed a motion to amend the judgment by removing him from the sex offender registry, asserting that, upon further research, defense counsel had determined that he did not meet the criteria for placement on the registry. A brief hearing on that motion was held on August 24, 2009. At its conclusion, the trial court, based on its interpretation of the relevant portion of Tennessee's Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("the Act"), concluded that the defendant's conviction for statutory rape triggered the requirement that he register as a sex offender under the Act. This appeal followed.

## ANALYSIS

The State argues on appeal that we must affirm the trial court's ruling because the defendant failed to include an adequate record for appellate review, in that "[n]o proof was presented at the hearing showing the defendant's prior criminal history." There is no indication, however, that the trial court considered anything other than the defendant's underlying conviction for statutory rape in its determination of whether the defendant was required to register as a sex offender. At the hearing, both the prosecutor and defense counsel agreed that whether the defendant's statutory rape conviction required the defendant's registration as a sex offender was an issue of statutory construction, requiring an interpretation of section 40-39-202(20)(A)(ii) of the Act. That code section provides in pertinent part that a defendant's conviction for a "sexual offense," requiring placement on the sex offender registry, includes

> (A) The commission of any act that, on or after November 1, 1989, constitutes the criminal offense of:
>
> . . . .
>
> (ii) Statutory rape, under § 39-13-506, if the defendant has one (1) or more prior convictions for mitigated statutory rape under § 39-13-506(a), statutory rape under § 39-13-506(b) or aggravated statutory rape under § 39-13-506(c).

Tenn. Code Ann. § 40-39-202(20)(A)(ii) (Supp. 2009).

The trial court, if we understand its ruling correctly, interpreted the above portion of the Act as requiring registration as a sex offender if a defendant who is convicted of one of the classifications of statutory rape under Tennessee Code Annotated section 39-13-506 (mitigated statutory rape, statutory rape, or aggravated statutory rape)[1] has one or more prior convictions for mitigated statutory rape *or* his conviction was for statutory rape or aggravated statutory rape. Accordingly, because the defendant's conviction was for statutory rape, in violation of subsection (b)(1) of the statute, the trial court denied the defendant's motion to amend the judgment.

Because the issue raised in this case is one of statutory construction, our review is *de novo* with no presumption of correctness afforded to the interpretation of the trial court. State v. Casper, 297 S.W.3d 676, 683 (Tenn. 2009). When interpreting a statute,

> we "must first ascertain and then give full effect to the General Assembly's intent and purpose" in drafting those sections. Waldschmidt v. Reassure Am. Life Ins. Co., 271 S.W.3d 173, 176 (Tenn. 2008). Our chief concern is to carry out the legislature's intent without unduly broadening or restricting the statute. Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002) (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)). We presume that every word in a statute has meaning and purpose and should be given full effect if so doing does not violate the legislature's obvious intent. In re C.K.G., 173 S.W.3d 714, 722 (Tenn. 2005). When the statutory language is clear and unambiguous, we simply apply its plain meaning. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). When a statute is ambiguous, however, we may refer to the broader statutory scheme, the history of the legislation, or other sources to discern its meaning. Colonial Pipeline Co. v. Morgan, 263 S.W.3d 827, 836 (Tenn. 2008). We presume that the General Assembly was aware of its prior enactments and knew the state of the law at the time it passed the legislation. Owens, 908 S.W.2d at 926.

Id.

---

[1]Tennessee Code Annotated section 39-13-506 classifies the offense of statutory rape into three categories, with the differences based on the age of the victim and the difference between the age of the victim and the age of the defendant: mitigated statutory rape, statutory rape, and aggravated statutory rape. Tenn. Code Ann. § 39-13-506(a)-(c) (2006). Mitigated statutory rape and statutory rape are Class E felonies, while aggravated statutory rape is punished as a Class D felony. See id. § 39-13-506(d).

We interpret the statute to require registration as a sex offender if a defendant has been convicted of statutory rape and has one or more prior convictions for either mitigated statutory rape, statutory rape, or aggravated statutory rape. This interpretation is consistent with subsection (20)(A)(xvi) of the definition section of the Act, which lists as a separate category requiring registration under the Act the commission of any act that constitutes the offense of aggravated statutory rape under Tennessee Code Annotated section 39-13-506(c). See Tenn. Code Ann. § 40-39-202(20)(A)(xvi). It is also consistent with the interpretation of the court of appeals, which, when reviewing a 2006 amendment to the Act that included the language at issue in the case at bar, wrote: "Section 7 of Chapter 890 amended Tenn. Code Ann. § 40-39-202(17)(A)(ii), by including within the definition of sexual offense '[s]tatutory rape under § 39-13-50[6]' if the defendant was an authority figure, *or had at least one prior conviction for mitigated statutory rape, statutory rape or aggravated statutory rape*." Stephen Strain v. Tenn. Bureau of Investigation, No. M2007-01621-COA-R3-CV, 2009 WL 137210, at *3 (Tenn. Ct. App. Jan. 20, 2009) (emphasis added).[2] Thus, because the defendant's conviction for statutory rape, standing alone, was insufficient to require his registration as a sex offender, we conclude that the trial court erred by denying his motion to amend his judgment to remove his placement on the sex offender registry.

## CONCLUSION

Based on our review, we reverse the trial court's denial of the defendant's motion to amend the judgment and remand to the trial court for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE

---

[2] The subsection at issue has since been both renumbered as subsection (20) and amended by the deletion of the "if the defendant was an authority figure" language. See Tenn. Code Ann. § 40-39-202 (Supp. 2009), Compiler's notes.