FILED

05/21/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 13, 2018 Session

**STATE OF TENNESSEE v. ASHLEY N. MENKE**

**Appeal from the Criminal Court for Sumner County
Nos. 925-CR-2015, 268-CR-2014 Joe H. Thompson, Judge**

————————————————————

**No. M2017-00597-CCA-R3-CD**

————————————————————

On July 14, 2016, Ashley N. Menke, the Defendant, entered an open guilty plea in Case No. 925-CR-2015 to five felonies and three misdemeanors, including one count of theft in the amount of $1,000 or more but less than $10,000 (Count 9), and to a violation of probation in Case No. 268-CR-2014. The value of the property taken in Count 9 was exactly $1,000, and the Defendant was released on bail for felony offenses in Counts 3, 4, 5, and 6 at the time she committed the theft in Count 9. Following the December 2, 2016 sentencing hearing, the trial court took the matter under advisement without sentencing the Defendant. On January 1, 2017, the Public Safety Act of 2016 became effective. Section 5 of the Public Safety Act "deleted and replaced" Tennessee Code Annotated section 39-14-105(a), the "grading of theft" statute. Theft in the amount of $1,000 or less committed after January 1, 2017, is now graded as a Class A misdemeanor. In its March 10, 2017 sentencing order, the trial court imposed an eleven month and twenty-nine day sentence in Count 9 based on the criminal savings statute, Tennessee Code Annotated section 39-11-112, and ordered the sentence to be served concurrently with the effective three-year sentence for the other seven counts. The judgment states that the conviction offense is a Class D felony. We hold that the criminal savings statute does not apply and that the trial court erred in sentencing the Defendant in Count 9 to a concurrent sentence of eleven months and twenty-nine days because of the following: (1) the General Assembly did not specifically indicate that Section 5 of the Public Safety Act operated retrospectively so the statute is presumed to operate prospectively; (2) "the value of the property or services obtained" is an essential element of the offense of theft; and (3) the legislature changed an essential element of, not the sentence for, Class A misdemeanor theft, Class E felony theft, and Class D felony theft. We affirm the judgment of conviction for the Class D felony theft in Count 9, vacate the sentence in Count 9, and remand the case to the trial court for resentencing within the applicable range for Class D felony theft and for consecutive alignment of the sentence pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as to Conviction, Reversed as to Sentencing; Case Remanded for Resentencing**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Ray Whitley, District Attorney General; and Eric Scott Mauldin, Assistant District Attorney General, for the appellant, State of Tennessee.

Beth A. Garrison, Hendersonville, Tennessee, for the appellee, Ashley N. Menke.

**OPINION**

**Procedural and Factual Background**

The Sumner County Grand Jury issued a nine-count indictment in Case No. 925-CR-2015 charging Ashley N. Menke, the Defendant, with two counts of Class A misdemeanor theft of property (Counts 1 and 2), one count of Class E felony forgery of a check (Count 3), one count of Class C felony theft of property (Count 4), one count of Class E felony forgery of a document (Count 5), one count of Class E felony criminal simulation (Count 6), one count of Class E felony false entry of a government record (Count 7), one count of Class B misdemeanor criminal impersonation (Count 8), and one count of Class D felony theft (Count 9). Specifically, the indictment for Count 9 stated that the Defendant "did unlawfully obtain and exercise control over property, to-wit: cash, of the value of $1,000.00 or more, belonging to [the victim], said property being taken without the owner's effective consent and with the intent to deprive the owner thereof[.]"

Because Count 3 charged the Defendant with forging the signature of Criminal Court Judge Dee David Gay to a document purportedly releasing her from probation, Judge Gay recused himself from the case. An order was entered on September 18, 2015, assigning Chancellor Louis W. Oliver, III to "hear the case to final disposition."

The Defendant filed a "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea Resulting in Conviction" ("the plea petition"), requesting to plead

guilty to a probation violation in Case No. 268-2014 and to Counts 1, 2, 3, 4, 5, 6, 8, and 9 in Case No. 925-2015.[1]  For Count 9, the plea petition listed the "conviction offense" as "theft over $1,000[,]" the "range" as "2-4" years, and the release eligibility percentage as "30[.]"  The transcript of the January 14, 2015 plea submission hearing reflects that the State presented a factual basis for Count 9 in which the Defendant told the victim that she worked for Joe Johnson Bail Bonding and that she would be able to obtain the release of the victim's girlfriend if he paid her $1,000.  The victim gave the Defendant $1,000, but the Defendant was not able to get the victim's girlfriend out of jail because she was not a bail bondsman.  When asked if she was "guilty of theft of property, in [Count 9] it was $1,000[,][sic]"the Defendant answered "yes."  The trial court informed the Defendant that "theft of property over $1,000 [sic] but less than $10,000 is a class D felony, and it carries a penalty of two to four years[.]"  We note the statute provided Class D felony status for theft equal to $1,000.00, and did not set a minimum of "over $1,000.00" as stated by the trial court.  On July 14, 2016, Chancellor Oliver signed a document titled "Plea" from the Minutes of the Criminal Court of Sumner County for July 14, 2016, which was filed on July 28, 2016.  The "Plea" stated that the Defendant entered an open plea of guilty to "Theft under $500(x2), Forgery, Criminal Simulation, Criminal Impersonation and Theft over $1,000 and Probation Violation in Case #268-2014" and that Count 7 was nolled by the State.  Shortly thereafter, the Defendant filed a motion for Chancellor Oliver to recuse, which was granted.  By order entered on August 26, 2015, Circuit Judge Joe H. Thompson was assigned to hear the case.

After the sentencing hearing on December 2, 2016, the trial court took the matter under advisement and asked the parties to submit briefs.  On January 3, 2017, the State filed its "Sentencing Brief," in which it asked that the Defendant be sentenced from two to four years for Class D felony theft in Count 9 and that the sentence run consecutively to the Defendant's sentences in Counts 3, 4, 5, and 6.  In her February 3, 2017 response to the State's brief, the Defendant raised for the first time a claim that Tennessee Code Annotated section 39-11-112 required the trial court "to sentence the Defendant under the most recent theft classifications" because "the subsequent [classification] provides for a lesser penalty."  In discussing the amendment of Tennessee Code Annotated section 39-14-105(a), the Defendant claimed that "[n]ot only is this re-classification of the Defendant's Count 9 offense of [t]heft of [p]roperty over $1,000 pertinent in that it reduces [the Defendant's] total potential exposure, it is also pertinent because it reduces Count 9 to a misdemeanor."[2]  The Defendant also claimed that "[d]ue to the new theft classifications which went into effect on January 1, 2017, Count 9 is no longer a

---

[1] Count 7 was not included in the plea agreement because the State nolled the count.

[2] The proof concerning property stolen in Count 9 was that the value was exactly $1,000.  The reference to "over $1,000" does not conform to the proof.

felony[]" and therefore Tennessee Code Annotated section 40-35-115 and Tennessee Rules of Criminal Procedure Rule 32 did not mandate consecutive sentencing.

On March 10, 2017, the trial court issued its order. After finding that the Defendant was released on bail when she committed the theft in Count 9 was an enhancement factor applicable to the Defendant's case, the trial court stated:

> The Defendant bonded out of jail on September 10, 2015[,] and on the following day, while she was on bond, the Defendant stole $1,000.00 from [the victim], as charged in [C]ount 9 of the indictment. Despite the foregoing, the Court finds the enhancement factor is inapplicable to [C]ount 9, because the offense of theft of property over $1,000, which was previously classified as a D felony, has been reclassified as theft of property $1,000 or less, a Class A misdemeanor.

The trial court reasoned that the "application of enhancement factor [] would violate the ex post facto prohibition. *See State v. Pearson*, 858 S.W.2d 879, 882 (Tenn. 1993) (Tennessee Constitution's *ex post facto* prohibition is applicable to laws that change punishment)."[3] The court sentenced the Defendant to eleven months and twenty-nine days on Count 9 and ordered that sentence to run concurrently with the effective three-year sentence for the other seven counts. The effective three-year sentence in Case No. 925-CR-2015 was ordered to run consecutively to the Defendant's four-year sentence in Case No. 268-CR-2014, in which her probation was revoked as part of the plea agreement. The judgment for Count 9 shows the "Conviction Offense" as "39-14-105 – Theft of Property - $1,000 - $10,000[,]" the conviction class as "D" felony, and the sentence length as "11 Months and 29 Days[.]" The court revoked the Defendant's probation in Case 268-CR-2014 but reinstated probation based on time served for the violation, ordered that the Defendant complete a six month drug program at The Next Door, and ordered the sentence to be served on probation following completion of the drug program.

On March 29, 2017, the trial court entered a "Corrected Order" stating that Count 9 must be punished as a Class A misdemeanor pursuant to the criminal savings statute, Tennessee Code Annotated section 39-11-112.

---

[3] "It is not an ex post facto violation to prosecute and convict a defendant for breaking the law as it existed when the offense was committed. The prohibition against ex post facto laws is implicated when the application of a new sentencing law results in a more severe punishment." *Robert Lynn Godsey v. State*, No. 03C01-9308-CR-00280, 1994 WL 419020, at *4 (Tenn. Crim. App. Aug. 11, 1994) (citing *Lindsey v. Washington*, 301 U.S. 397, 401 (1937) and *Pearson*, 858 S.W.2d at 882-83), *perm. app. denied* (Tenn. Jan. 30, 1995).

The State filed a "Motion to Correct Illegal Sentence[,]" which it later withdrew, and then timely filed its notice of appeal.

## Analysis

The State claims that the trial court improperly sentenced the Defendant to eleven months and twenty-nine days and erred in ordering the sentence for Count 9 to be served concurrently with the three-year sentence for other felonies. The Defendant claims that the sentence was properly imposed. We agree with the State.

### *Theft of Property*

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a). "This section is the primary generic theft statute." Tenn. Code Ann. § 39-14-103, Sentencing Comm'n Cmts. "[T]he crime [of theft] is complete when a person takes property, without the owner's consent with the intent to deprive the owner of the property." *State v. Amanns*, 2 S.W.3d 241, 243–44 (Tenn. Crim. App. 1999).

### *Value of Property as an Element of the Offense of Theft*

Numerous opinions of this court have determined that value is an element of the offense of theft. *State v. Timothy Damon Carter*, No. M2014-01532-CCA-R3-CD, 2016 WL 7799281, at *22 (Tenn. Crim. App. Mar. 8, 2016), *perm. app. denied* (Tenn. June 23, 2016); *State v. Christopher Loyd Davis*, No. W2014-02101-CCA-R3-CD, 2015 WL 5813394, at *4 (Tenn. Crim. App. Oct. 5, 2015), *perm. app. denied* (Tenn. Feb. 19, 2016); *State v. Andre Perkins*, No. W2007-02774-CCA-R3-CD, 2009 WL 1741400, at *4 (Tenn. Crim. App. June 17, 2009), *no perm. app. filed*; *State v. Jarvis Loverson*, No. W1999-01750-CCA-R3-CD, 2000 WL 1664276, at *3 (Tenn. Crim. App. Oct. 23, 2000), *no perm. app. filed*; *State v. Mike Wayne Tate*, No. 03C01-9204-CR-127, 1993 WL 55631, at *2 (Tenn. Crim. App. March 4, 1993), *perm. app. denied* (Tenn. June 1, 1993). Juries must determine that the State has proven beyond a reasonable doubt every essential element of a charged offense to convict an accused of a crime. *Jackson v. Virginia*, 443 U.S. 307, 316, (1979).

Even though value is an element of the offense of theft, a jury only determines value after the jury determines beyond a reasonable doubt that a defendant committed theft. A jury's determination of value is "necessary to assess the class of an offense in

this code or the level of punishment[.]"[4]  Tenn. Code Ann. § 39-11-115.  Although a determination of value is necessary to convict a defendant, a jury does not determine the class or impose punishment for theft other than setting the amount of a fine, if the setting of fines by the jury is not waived.  After the jury determines that the accused is guilty of theft and determines the value of the stolen property, the trial court uses a jury's determination of value to establish the class of the theft offense under Tennessee Code Annotated section 39-14-105(a) and based on the class of the offense imposes an authorized term of imprisonment and fine for a felony offense pursuant to Tennessee Code Annotated section 40-35-111(b) or a misdemeanor offense pursuant to section 40-35-111(e).

*Grading of Theft before January 1, 2017*

Before January 1, 2017, Tennessee Code Annotated section 39-14-105(a)(1)–(3) provided:

(a) Theft of property or services is:

(1) A Class A misdemeanor if the value of the property or services obtained is five hundred dollars ($500) or less;

(2) A Class E felony if the value of the property or services obtained is more than five hundred dollars ($500) but less than one thousand dollars ($1,000);

(3) A Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000)[.]

Tenn. Code Ann. § 39-14-105(a)(1)–(3) (2016).

*Grading of Theft after Enactment of Section 5*

Section 5 of the Public Safety Act of 2016, which became effective on January 1, 2017, amended Tennessee Code Annotated section 39-14-105 "by deleting [] subsection [a] in its entirety and substituting instead" a new subsection (a).  2016 Pub. Acts, c. 906, § 5.  Section 5 provided a new range of "value of the property [] obtained" for Class A misdemeanor, Class E felony, and Class D felony theft.  *Id.*  The range of value for Class

---

[4] If property has value that cannot be ascertained, the property is deemed to have a value of less than fifty dollars ($50.00).  Tenn. Code Ann. § 39-11-106(a)(36)(C).

C felony, Class B felony, and Class A felony theft were not changed. Thus, after January 1, 2017, Tennessee Code Annotated section 39-14-105(a)(1)–(3) provides:

(a) Theft of property or services is:

(1) A Class A misdemeanor if the value of the property or services obtained is one thousand dollars ($1,000) or less;

(2) A Class E felony if the value of the property or services obtained is more than one thousand dollars ($1,000) but less than two thousand five hundred dollars ($2,500);

(3) A Class D felony if the value of the property or services obtained is two thousand five hundred dollars ($2,500) or more but less than ten thousand dollars ($10,000)[.][5]

Tenn. Code Ann. § 39-14-105(a)(1)–(3) (2017).

*The Criminal Savings Statute*

Tennessee Code Annotated section § 39-11-112, commonly referred to as the criminal savings statute, provides:

When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be *prosecuted under the act or statute in effect at the time of the commission of the offense*. Except as provided under § 40-35-117, *in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act*.

Tenn. Code Ann. § 39-11-112 (emphasis added).

---

[5] Tennessee Code Annotated section 39-14-105(a) grades both theft of property and theft of services. Because this case only involves theft of property, we will omit "services" in our analysis of the grading of theft statute.

- 7 -

"Issues of statutory construction are questions of law[,]" *Seals v. H & F, Inc.*, 301 S.W.3d 237, 242 (Tenn. 2010), thus, we will review the trial court's conclusions de novo with no presumption of correctness. *State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007) (citing *State v. Denton*, 149 S.W.3d 1, 17 (Tenn. 2004)). When a court interprets a statute, it "must first ascertain and then give full effect to the General Assembly's intent and purpose" in drafting the statute. *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008). "In ascertaining the intent of the legislature, this [c]ourt may look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment." *State v. Collins*, 166 S.W.3d 721, 726 (Tenn. 2005) (internal quotation marks and citations omitted). The intent of Section 5 of the Public Safety Act is evident: to raise the monetary amount of the property stolen for the lower grades of theft. As stated by the bill sponsor at the March 1, 2016 meeting of the House Criminal Justice Subcommittee, the purpose of raising the monetary amount had to do with inflation because the purchasing power of a dollar in 2017 was not the same as the purchasing power of a dollar in 1989. *Hearing on H.B. 2576 Before the H. Criminal Justice Subcomm.*, 109th Gen. Assembly (Tenn. Mar. 1, 2016) (statement of Rep. William Lamberth).

"[A] statute is generally presumed to operate prospectively, unless the legislature indicates a specific intention otherwise." *State v. Cauthern*, 967 S.W.2d 726, 735 (Tenn. 1998); *see also State v. Brimmer*, 876 S.W.2d 75, 82 (Tenn. 1994). The Tennessee General Assembly did not indicate a specific intention that Section 5 of the Public Safety Act operate retrospectively. Therefore, we must presume that the Tennessee General Assembly intended for Section 5 to operate prospectively.

A court must also "presume that the [Tennessee] General Assembly was aware of its prior enactments and knew the state of the law at the time it passed the legislation." *Seals*, 301 S.W.3d at 242. Therefore, we must presume that, when Section 5 of the Public Safety Act was enacted, the Tennessee General Assembly was aware of the fact that the criminal savings statute provides that a defendant is prosecuted under the act or statute in effect at the time of the commission of the offense. An exception is when the subsequent act provides for a lesser penalty for the offense. In that case, the lesser penalty applies. Likewise, we must presume that the General Assembly was aware of the fact that it could have provided a specific section providing retrospective application like it did when it enacted the Tennessee Criminal Sentencing Reform Act of 1989, which provides:

(b) Unless prohibited by the United States or Tennessee constitutions, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, shall be sentenced under this chapter.

Tenn. Code Ann. § 40-35-117(b).

*Effect of the adoption of Section 5 of the Public Safety Act*

Section 5 of the Public Safety Act does *not* provide for a lesser penalty for Class D felony theft or a lesser penalty for any other class of theft. Section 5 only redefines the three lowest grades of theft by changing the essential element of value necessary to constitute those offenses. Changing an element of an offense creates a new and different offense. *See Robert Lynn Godsey*, 1994 WL 419020, at *4 (grand larceny committed before November 1, 1989[6] is a different crime than theft of property committed November 1, 1989); *see also State v. David A. Brimmer*, No. E2014-01393-CCA-R3-CD, 2014 WL 7201795, at *2–3 (Tenn. Crim. App. Dec. 18, 2014) (aggravated kidnapping committed before November 1, 1989, is a different crime than aggravated kidnapping committed after November 1, 1989, because the elements of the offenses are different), *perm. app. denied* (Tenn. Apr. 10, 2015). There was no Class A misdemeanor theft of property offense with an essential element of value of one thousand dollars ($1,000) or less before January 1, 2017. Likewise, there was no Class E felony with an essential element of more than one thousand dollars ($1,000) but less than two thousand five hundred dollars ($2,500) or Class D felony with a value element of two thousand five hundred dollars ($2,500) or more but less than ten thousand dollars ($10,000) before January 1, 2017. As stated above, value is an essential element of theft and changing an element of an offense creates a new and different offense.

In *Robert Lynn Godsey*, a post-conviction relief case, the petitioner was prosecuted for a grand larceny that occurred before the effective date of the Reform Act and convicted by a jury after the effective date. *Robert Lynn Godsey*, 1994 WL 419020, at *3. The trial court originally sentenced the petitioner to serve twelve years as a career offender under the provisions of the Reform Act. *Id.* On direct appeal, this court "affirmed the conviction but modified the sentence to ten years under the [Reform A]ct" to avoid violating the ex post facto provisions of the United States and Tennessee Constitutions. *Id.* In the post-conviction case, the petitioner argued that he received the ineffective assistance of counsel because trial counsel should have argued "that since the grand larceny statute was repealed prior to the time he was tried, he should have been

---

[6] The Criminal Sentencing Reform Act of 1989 ("the Reform Act") became effective on November 1, 1989. *See* Tenn. Code Ann. §§ 40-35-117, -118.

sentenced to a maximum of six years at sixty percent, the penalty for theft of property valued at more than five hundred dollars ($500) but less than one thousand dollars ($1,000) under the [Reform A]ct." *Id.* This court reasoned that:

> [t]he Sentencing Commission Comments, which follow Tennessee Code Annotated Section 40-35-118, make it clear that while those sentenced after November 1, 1989[,] were sentenced under the [Reform] Act, the definitions of offenses provided therein were not applicable to crimes committed before November 1, 1989:
>
>> The new definitions and classifications cannot be utilized for offenses which occurred prior to November 1, 1989, because, in many instances, the elements of the offense are completely different. Consequently, except for first degree murder pursuant to § 39-11-117(b), this section sets forth the felony classification which is to be utilized for those offenses which occurred prior to November 1, 1989, when the sentencing takes place after that date.

*Id.* at *4 (citing Tenn. Code Ann. § 40-35-118 (1990), Sentencing Comm'n Cmts.).

In *Brimmer*, the defendant filed a Rule 36.1 motion claiming that his 60-year sentence for aggravated kidnapping was illegal because, after the effective date of the Reform Act, aggravated kidnapping was a Class B felony and the maximum sentence for a Class B felony was 30 years. *David A. Brimmer*, 2014 WL 7201795, at *2; *see* Tenn. Code Ann. § 39-13-304(b)(1) (1990) (aggravated kidnapping is a Class B felony), Tenn. Code Ann. § 40-35-112(c)(2) (1990) (a Range III sentence for a Class B felony is twenty to thirty years). This court determined that the Reform Act "served only to change the sentencing of crimes that were committed before November 1, 1989, not their definitions or classifications[,]" and therefore, Mr. Brimmer "[wa]s not entitled to benefit from the redefinition of aggravated kidnapping and its reclassification from a Class A felony to a Class B felony." *Id.* at *3. This court reasoned that, "[t]hough called the same thing, aggravated kidnapping before [the effective date of the Reform Act] is a different crime than aggravated kidnapping after [the effective date of the Reform Act], just as grand larceny is a different crime than theft of property." *Id.* at *2.

Section 5 of the Public Safety Act *only* changed the value of the property stolen necessary to constitute a Class A misdemeanor theft, a Class E felony theft, or a Class D felony theft. Stated differently, because value is an essential element of the offense of theft, Section 5 of the Public Safety Act only changed an essential element that must be proven beyond a reasonable doubt to convict a defendant of Class A misdemeanor, Class

- 10 -

E felony, or Class D felony theft. Although an essential element necessary to convict a defendant of a particular class of theft changed, the punishments for a Class A misdemeanor, a Class E felony, and a Class D felony were the same both before and after January 1, 2017, the effective date of Section 5 of the Public Safety Act.

*The Sentencing Commission Comments to Section 39-14-105*

"The Tennessee Criminal Sentencing Reform Act of 1989 was a part of the comprehensive penal and sentencing reform legislation enacted by our General Assembly as proposed by the Tennessee Sentencing Commission." *State v. Cummings*, 868 S.W.2d 661, 665 (Tenn. Crim. App. 1992). The Reform Act authorized the Tennessee Code Commission "to publish the comments to Title 39 and to Title 40, Chapter 35, as prepared and approved by the Tennessee Sentencing Commission." *See State v. Wilburt Vantressee Gooch*, No. 01-C-01-9304-CR00139, 1994 WL 194263, at *2 n.1 (Tenn. Crim. App. May 19, 1994). "Thus, the comments of the Sentencing Commission constitute strong evidence of the General Assembly's legislative intent when enacting the legislation[.]"[7] *Id.* The Sentencing Commission Comments to section 39-14-105, which first appeared with the enactment of the Reform Act, provide in pertinent part that "[t]his section provides the *punishment* for the offenses of theft. These offenses are punished according to the value of the property or services obtained. Value is defined in § 39-11-106." Tenn. Code Ann. § 39-14-105, Sentencing Comm'n Cmts. (emphasis added).

Three recent opinions of this court, relying in part on the Sentencing Commission Comments to section 39-14-105, have concluded that Section 5 of Public Safety Act provides lesser punishment for Class A misdemeanor, Class E felony and Class D felony theft than the prior statute. *See State v. Steven Swinford*, No. E2017-01164-CCA-R3-CD, 2018 WL 1831126, at *9-10 (Tenn. Crim. App. Apr. 17, 2017.) (applying the criminal savings statute to vandalism based on the value under Section 5 of the Public Safety Act when the defendant was sentenced after January 1, 2018);[8] *State v. Michael Eugene Tolle*, No. E2017-00571-CCA-R3-CD, 2018 WL 1661616, at *10 (Tenn. Crim. App. Mar. 19, 2018) ("As is applicable in this case, the amendment provides that the theft of property valued at more than $500 but less than $1,000 . . . is now a Class A misdemeanor rather

---

[7] The Compiler's Notes to code sections with Sentencing Commission Comments state: "The sentencing commission terminated June 30, 1995. Sentencing Commission Comments have been retained, but do not reflect 1995 or subsequent legislation." Tenn. Code Ann. § 39-14-105, Compiler's Notes.

[8] Having recently joined in the *Steven Swinford* opinion, the authoring judge takes solace in the words of a country lawyer: "I may be wrong in regard to any or all of them; but holding it a sound maxim, that it is better to be only sometimes right, than at all times wrong, so soon as I discover my opinions to be erroneous, I shall be ready to renounce them." Abraham Lincoln, *Speeches and Writings*, 1832-1858.

than a Class E felony. Clearly, the new act provides for a lesser penalty than the previous act."); *State v. Charles Keese*, No. E2016-02020-CCA-R3-CD, 2018 WL 1353697, at *11 (Tenn. Crim. App. Mar. 15, 2018)[9] (concluding that section 39-14-105 is a sentencing statute).

Regardless of the wording of the Sentencing Commission Comments to Tennessee Code Annotated section 39-14-105, section 39-14-105(a) does not now, nor has it ever, provided the *punishment* for theft. Section 39-14-105 only provides a system for grading theft based on the value of the property taken and the corresponding class of the offense within the classification system codified at Tennessee Code Annotated section 40-35-110. The grading system of section 39-14-105 allows the trial court to impose an authorized term of imprisonment and fine for felonies and misdemeanors pursuant to section 40-35-111(b) and (e). Punishment for theft is provided by section 40-35-111, not by section 39-14-105.

*Application of the Criminal Savings Statute*

The offense date for the theft in Count 9 was September 11, 2015. The Defendant committed, was "prosecuted under," pled guilty to, and was convicted of theft of property of the value of $1,000 or more but less than $10,000, a Class D felony pursuant to the statute in effect at the time of the commission of the offense, Tennessee Code Annotated section 39-14-105(a)(3) (2015). The Defendant was sentenced to eleven months and twenty-nine days for Class D felony theft on March 21, 2017, when the judgment of conviction was stamped filed by the Criminal Court Clerk. *See State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007) ("[T]he effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge.").

A sentence of eleven months and twenty-nine days is not an authorized term of imprisonment for a Class D felony under Tennessee Code Annotated section 40-35-111(b)(4) and is therefore an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1(2). Additionally, because the Defendant was convicted of a felony in Count 9, the sentence would be mandated to be served consecutively to the effective sentence for felony convictions in Counts 3, 4, 5, and 6 pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C),

---

[9] Much of the *Keese* opinion involved an analysis of the State's right to appeal. Because the State in this case claimed that an eleven month and twenty-nine day sentence was not an authorized term of imprisonment for a Class D felony under Tennessee Code Annotated section 40-35-111(b)(4) and that the trial court's concurrent alignment of the Count 9 sentence was an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, we conclude that the State had a right to appeal pursuant to Tennessee Code Annotated section 40-35-402 (b)(1) and (b)(3).

and the trial court's concurrent alignment of those sentences renders the sentence illegal pursuant to Tennessee Rule of Criminal Procedure 36.1(2).

One traditional, albeit sparsely used, rule of statutory construction is that courts "will not apply a particular interpretation to a statute if that interpretation would yield an absurd result." *See State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000). Sentencing a defendant to eleven months and twenty-nine days for a Class D felony yields an absurd result. Convicting a defendant of a Class A misdemeanor, who committed, was prosecuted for, and pled guilty to a Class D felony also seems absurd. If the legislature had intended that Section 5 of the Public Safety Act apply retroactively, they could have so indicated as they did when they enacted the Reform Act in 1989. They did not do so. We hold that Section 5 of the Public Safety Act does not provide a lesser punishment for Class D felony theft committed before January 1, 2017, and therefore, the criminal savings statute is not applicable so as to lessen the punishment for theft offenses committed before the effective date of the act even if a defendant is sentenced after the effective date.

## Conclusion

In this case the Defendant committed, was prosecuted for, pled guilty to, and was convicted of Class D felony theft and must be sentenced for a Class D felony. We affirm the trial court's judgment as to the conviction of a Class D felony, but reverse as to the sentence, and remand the case to the trial court for resentencing of Count 9 consistent with this opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 13 -