IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2016 Session

**TAMBRA JO SWONGER v. JAMES HENRY SWONGER**

**Appeal from the Circuit Court for Knox County
Nos. 128217, 129498     Gregory S. McMillan, Judge**

_____

**No. E2015-01130-COA-R3-CV-FILED-APRIL 28, 2016**

_____

This appeal arises from a default judgment entered in a divorce action, wherein the wife was granted, *inter alia*, a permanent order of protection against the husband. The husband sought to have the permanent order of protection provision contained in the parties' divorce decree set aside, asserting that the statutory scheme pertaining to orders of protection did not provide authority for entry of a permanent, open-ended order of protection. The trial court entered an order denying relief to the husband and affirming its entry of a permanent order of protection. Husband timely appealed. Determining that the trial court was without statutory authority to enter a permanent order of protection with no time limitation, we vacate that portion of the trial court's order. We reinstate the court's temporary injunction prohibiting the husband from "harassing, threatening, assaulting, or abusing" the wife. We remand to the trial court for entry of a written order containing findings of fact and conclusions of law constituting grounds for a permanent injunction, if granted, and for satisfaction of any other requirements pursuant to Tennessee Rule of Civil Procedure 65 regarding injunctions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated in Part, Affirmed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Lin Phillips, Knoxville, Tennessee, for the appellant, James Henry Swonger.

Robert Downs, Legal Aid Society of East Tennessee, Knoxville, Tennessee, for the appellee, Tambra Jo Swonger.

**OPINION**

## I. Factual and Procedural Background

The respondent, James Henry Swonger ("Husband") appeals the trial court's order modifying an existing one-year order of protection against Husband to a permanent order on behalf of the petitioner, Tambra Jo Swonger ("Wife"). The parties were married at the time Wife filed a petition for an order of protection on June 4, 2013. In her petition, Wife alleged years of abuse on the part of Husband, as well as a specific incident of abuse occurring on May 21, 2013, which caused Wife to be hospitalized for several days with grave injuries.

The trial court granted an *ex parte* order of protection on June 6, 2013. The court subsequently entered two bridging *ex parte* orders of protection on June 20, 2013, and July 25, 2013, respectively. On August 1, 2013, the court entered an agreed one-year order of protection, restraining Husband from any contact with Wife. Husband was also ordered to attend forty-five weekly meetings of the Domestic Violence Intervention Group and to obtain a substance abuse assessment.

On September 25, 2013, the trial court issued a notice of attachment against Husband for noncompliance with the order of protection. Husband appeared before Magistrate Brenda Lindsay-McDaniel on October 24, 2013, submitting an affidavit of indigency. Finding Husband to be indigent, the magistrate appointed Husband's current counsel to represent Husband on that same date. The magistrate set the case for hearing on the contempt charge and compliance review on October 28, 2013. It is undisputed that during the October 28, 2013 hearing, Husband was personally served with a complaint for divorce, which Wife had filed that day under a new docket number. Although Husband's counsel was present for the compliance hearing, counsel was apparently not served with the complaint.

In her complaint, Wife requested a divorce based upon the ground of inappropriate marital conduct. *See* Tenn. Code Ann. § 36-4-101(a)(11). She also requested that the court modify the existing one-year order of protection to a permanent order of protection. Husband did not file an answer to the complaint. On January 9, 2014, Wife filed a motion for default judgment and a notice of hearing, serving both upon Husband at the Knox County Detention Center, where he was incarcerated. Meanwhile, regarding the question of Husband's compliance with the order of protection, the court entered an order on January 16, 2014, stating: "[Husband] has been in continuous incarceration and is expected to remain such indefinitely and has been unable to comply with the order and compliance will be reviewed on 4/1/2014."

2

Following a hearing conducted on January 22, 2014, the trial court entered an "Order of Permanency of Order of Protection," modifying the one-year order of protection to a permanent one with no expiration date. A judgment of default was also entered on that date, in which the court noted that Husband had failed to enter an appearance or defend himself in the divorce action. The court subsequently granted Wife a divorce via final decree entered February 5, 2014, upon the ground of inappropriate marital conduct. In the final decree, the court again stated that "Wife's Order of Protection in Knox County, Fourth Circuit Court, Docket No. 13-128217 is made permanent." No appeal was filed from this decree.

On March 11, 2014, the trial court entered a second order regarding compliance with the order of protection, stating, *inter alia*, "[Husband] has been in continuous incarceration and has been bound by the grand jury . . . . His compliance will be reviewed on 9/9/14." On January 21, 2015, Husband, acting through counsel, filed a Tennessee Rule of Civil Procedure 55.02 motion to dismiss the permanent order of protection. Wife filed a "Memorandum of Authorities" in response on February 9, 2015. Husband subsequently responded with a memorandum on February 12, 2015.

The trial court entered an order on May 20, 2015, denying Husband's motion to dismiss and reaffirming entry of a permanent order of protection within the divorce judgment. Husband timely appealed.

## II. Issues Presented

Husband presents the following issues for our review, which we have restated slightly:

1.  Whether the trial court erred by interpreting Tennessee Code Annotated § 36-3-603(a) as relieving the court of time constraints imposed on orders of protection pursuant to Tennessee Code Annotated §§ 36-3-605 and -608.

2.  Whether the trial court erred by permanently extending the order of protection upon insufficient evidence.

3.  Whether the trial court erred by declining to overturn the permanent order of protection due to a lack of notice to Husband's counsel of record.

III. Standard of Review

Husband seeks review of the trial court's entry of a default judgment against him, which provided, *inter alia*, that the one-year order of protection entered against Husband in a separate action would be modified to a permanent order of protection with no expiration date. Regarding review of a default judgment, this Court has previously elucidated that "motions to set aside default judgments are addressed to the trial court's discretion." *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193-94 (Tenn. Ct. App. 2000). Our Supreme Court has addressed the proper scope of review for an abuse of discretion as follows:

> Discretionary decisions must take the applicable law and the relevant facts into account. *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke,* 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis,* 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein,* 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.,* 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville,* 154 S.W.3d [22,] 42 [(Tenn. 2005)].
>
> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. *Flautt & Mann v. Council of Memphis,* 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.,* No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower

court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.,* 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.,* 88 S.W.3d [203,] 212 [(Tenn. Ct. App. 2002)].

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010). This Court has further explained that "[t]rial courts should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside." *Nelson v. Simpson*, 826 S.W.2d 483, 485-86 (Tenn. Ct. App. 1991).

### IV. Propriety of Default Judgment Granting Permanent Order of Protection

Husband asserts that the trial court erred in granting a default divorce judgment modifying the existing one-year order of protection by extending it indefinitely. Motions seeking to set aside a default judgment are controlled by Tennessee Rule of Civil Procedure 55.02, which provides:

> For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02.

Tennessee Rule of Civil Procedure 60.02 provides for relief "upon such terms as are just" from final judgments, orders, or proceedings based on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Husband contends that the provision contained within the default judgment indefinitely extending the existing order of protection was void because the trial court was constrained to grant only those remedies available pursuant to Tennessee Code Annotated §§ 36-3-601, *et seq.*, the statutes concerning orders of protection. Therefore, according to Husband, an order of protection must be issued for a definite time period not to exceed one year (or five or ten years if violations are proven). *See* Tenn. Code Ann. §§ 36-3-605 and -608. Wife posits, however, that Tennessee Code Annotated § 36-3-603 allows for an order of protection to be extended indefinitely if a divorce action is filed. We agree with Husband.

Tennessee Code Annotated § 36-3-603 provides:

> (a) If an order of protection is ordered by a court and either the petitioner or respondent files a complaint for divorce, the order of protection shall remain in effect until the court in which the divorce action lies modifies or dissolves the order.
>
> (b) Nothing in this section shall prohibit a petitioner from requesting relief under this section in a divorce action.

The trial court relied in part upon this statutory section in its order denying Husband's motion seeking to set aside the permanent order of protection. The court specifically held that "[u]nder Tennessee Code Annotated § 36-3-603, Plaintiff was not limited to seeking a modification of the one year order of protection within the order of protection matter." The court further stated in pertinent part:

> [T]his Court was not provided with any authority that would establish that a divorce court, exercising jurisdiction over a pending order of protection case, is so limited as Plaintiff asserts. Rule 65.07 of the Tennessee Rules of Civil Procedure specifically provides that "[i]n domestic relations cases restraining orders or injunctions may be issued upon such terms and conditions and remain in force for such time as shall seem just and proper to the judge to whom application therefor is made, . . . ."
>
> In this case, the divorce court and the court hearing the Order of Protection were one and the same. The Court heard testimony in both matters [and] was authorized based upon the proof heard, to make the Order of Protection between the parties permanent as prayed for within the Complaint for Divorce. *See, Thomas R. Jones, Jr. v. Heather L. Rusch Jones*, 2007 Tenn. App. Lexis 452 at *6,7.

(Paragraph numbering omitted.)

Based upon our thorough review of the entire statutory scheme regarding orders of protection, however, we disagree with the trial court's analysis. As our Supreme Court has previously explained regarding issues involving statutory construction:

> Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness. *Gleaves v. Checker Cab Transit Corp.,* 15 S.W.3d 799, 802 (Tenn. 2000); *Myint v. Allstate Ins. Co.,*

6

970 S.W.2d 920, 924 (Tenn. 1998). When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res.,* Inc., 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga,* 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009). Construing the statutory scheme concerning orders of protection so that its component parts "are consistent and reasonable" and avoiding an interpretation of the statute that "would render one section of the act repugnant to another," *see id*. at 614, we determine that no authority provides for the issuance of a permanent, open-ended order of protection.

Tennessee Code Annotated § 36-3-601, *et seq*., provides the statutory framework pertaining to orders of protection. This statutory scheme contains sections mandating that a definite time frame be specified for such orders. For example, Tennessee Code Annotated § 36-3-605 provides that upon the filing of a petition, an *ex parte* order of protection may be issued immediately (for good cause shown). The statute further provides:

(b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court shall either dissolve any ex parte order that has been issued, or shall, if the petitioner

has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, <u>extend the order of protection for a definite period of time, not to exceed one (1) year</u>, unless a further hearing on the continuation of such order is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued <u>for a further definite period of one (1) year</u>, after which time a further hearing must be held for any subsequent <u>one-year period</u>. Any ex parte order of protection shall be in effect until the time of the hearing, and, if the hearing is held within fifteen (15) days of service of such order, the ex parte order shall continue in effect until the entry of any subsequent order of protection issued pursuant to § 36-3-609. If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, the court may, at that time, issue an order of protection <u>for a definite period of time, not to exceed one (1) year</u>.

\* \* \*

(d) Within the time the order of protection is in effect, any court of competent jurisdiction may modify the order of protection, either upon the court's own motion or upon motion of the petitioner. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and is found to be in violation of the order, the court may extend the order of protection <u>up to five (5) years</u>. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and is found to be in a second or subsequent violation of the order, the court may extend the order of protection <u>up to ten (10) years</u>. No new petition is required to be filed in order for a court to modify an order or extend an order pursuant to this subsection (d).

Tenn. Code Ann. § 36-3-605 (emphasis added). Pursuant to this Court's construction of this statutory section, at a hearing following entry of an *ex parte* order of protection, a trial court has only two options: (1) to dissolve the *ex parte* order of protection; or (2) to extend the order of protection for a definite period not to exceed one year. *See Merriman v. Merriman*, No. E2010-00013-COA-R3-CV, 2010 WL 3767116 at \*2 (Tenn. Ct. App. Sept. 28, 2010).

Likewise, Tennessee Code Annotated § 36-3-608 provides:

(a) All orders of protection shall be effective for a <u>fixed period of time, not to exceed one (1) year</u>.

8

(b) The court may modify its order at any time upon subsequent motion filed by either party together with an affidavit showing a change in circumstances sufficient to warrant the modification.

(Emphasis added.) This Court has also construed this statutory section to mean that an order of protection is effective "for a determinate period of time." *See Aibangbee v. Aibangbee*, No. M2005-02598-COA-R3-CV, 2007 WL 1202409 at *2 (Tenn. Ct. App. Apr. 20, 2007).

We emphasize that "when a statute is clear, we apply the plain meaning without complicating the task. Our obligation is simply to enforce the written language." *In re Estate of Tanner*, 295 S.W.3d at 613 (internal citations omitted). Furthermore, a statute should be construed so that its component parts "are consistent and reasonable," avoiding an interpretation of the statute that "would render one section of the act repugnant to another." *See id*. at 614. Therefore, we cannot conclude, as Wife suggests, that Tennessee Code Annotated § 36-3-603 is not subject to the time-period restrictions set forth in Tennessee Code Annotated §§ 36-3-605 and -608. Based upon these statutory provisions, we conclude that the trial court lacked statutory authority to issue a permanent, open-ended order of protection in this case.[1]

The trial court also relied upon Tennessee Rule of Civil Procedure 65.07 as authority for its ability to issue a permanent order of protection for an indefinite time period. Rule 65 concerns injunctive relief in general, setting forth the requisites for obtaining such relief and the parameters of restraining orders and injunctions. Tennessee Rule of Civil Procedure 65.07 provides:

The provisions of this Rule shall be subject to any contrary statutory provisions governing restraining orders or injunctions. In domestic relations cases, restraining orders or injunctions may be issued upon such terms and conditions and remain in force for such time as shall seem just and proper to the judge to whom application therefor is made, and the provisions of this Rule shall be followed only insofar as deemed appropriate by such judge.

---

[1] We note that the trial court relied upon this Court's opinion in *Jones v. Rusch-Jones*, No. E2006-01998-COA-R3-CV, 2007 WL 2067758 at *2 (Tenn. Ct. App. July 19, 2007), as authority for the issuance of a permanent order of protection. In the *Jones* opinion, however, no issue was raised regarding whether the statutory scheme provided authority for such action by the trial court. We therefore determine that the *Jones* opinion is not controlling in the case at bar.

With regard to the construction of such rules, our Supreme Court has explained:

> Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. *Lacy v. Cox,* 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield,* 279 S.W.3d 259, 261 (Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford,* 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.,* 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013). The plain language of Tennessee Rule of Civil Procedure 65.07 provides that "[t]he provisions of this Rule shall be subject to any contrary statutory provisions governing restraining orders or injunctions." Therefore, by its own terms, Rule 65.07 is subordinate to the above statutory scheme establishing the time periods of orders of protection.[2] As such, the trial court erred in relying on Rule 65.07 as authorizing the issuance of an order of protection without consideration of the time restraints set forth in the statute.

Based upon the foregoing authority, we conclude that the permanent and unlimited order of protection issued by the trial court exceeded the authority granted by Tennessee Code Annotated § 36-3-601, *et seq*. We note, however, that Wife also requested in her divorce complaint that the trial court issue an injunction restraining both parties from, *inter alia*, "harassing, threatening, assaulting, or abusing the other . . . ." The trial court granted such an injunction on a temporary basis upon the filing of the complaint pursuant to Tennessee Code Annotated § 36-4-106, which provides that such injunction can be modified by the court. Because Wife sought a permanent order of protection in her complaint, which remedy is outside the authority granted by the order of protection statute, we will construe her request as one for a permanent injunction pursuant to Tennessee Rule of Civil Procedure 65. *See, e.g., Willcutts v. Willcutts*, No. W2002-

---

[2] We note also that the "Tennessee Rules of Civil Procedure . . . are 'laws' of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by this Court and adopted by the General Assembly." *State v. Hodges*, 815 S.W.2d 151, 155 (Tenn. 1991).

02636-COA-R3-CV, 2004 WL 404497 at *15 (Tenn. Ct. App. Mar. 4, 2004). We therefore reverse the trial court's grant of a permanent order of protection as void, such remedy being unavailable pursuant to Tennessee Code Annotated § 36-3-601, *et seq.* We modify the provision contained in the final decree to instead grant an injunction to Wife, which restrains Husband from "harassing, threatening, assaulting, or abusing" Wife.[3] We affirm the trial court's judgment in all other respects.

We note, however, that Tennessee Rule of Civil Procedure 65.04 requires that a court "set forth findings of fact and conclusions of law which constitute the grounds of its action as required by Rule 52.01" when modifying a temporary injunction. Such findings and conclusions were not set out in the trial court's order in this case. As we have previously explained, when a trial court's order fails to meet the requirements of Rule 52.01, "the appropriate remedy is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" *See Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533 at *5 (Tenn. Ct. App. Dec. 27, 2012) (quoting *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563 at *1 (Tenn. Ct. App. June 9, 2011)). We therefore vacate the "permanent" order of protection granted by the final decree. We reinstate the court's temporary injunction prohibiting Husband from "harassing, threatening, assaulting, or abusing" Wife. We remand the case to the trial court for entry of a written order containing findings of fact and conclusions of law constituting grounds for any permanent injunction and for satisfaction of any other requirements pursuant to Tennessee Rule of Civil Procedure 65 regarding injunctions. Based upon this ruling, we determine that the other issues raised by Husband regarding the order of protection are pretermitted as moot.[4]

V. Conclusion

For the foregoing reasons, we vacate the trial court's issuance of a permanent, open-ended order of protection. We modify the trial court's judgment to reinstate the temporary injunction prohibiting Husband from "harassing, threatening, assaulting, or abusing" Wife. We further remand the case to the trial court for entry of a written order containing findings of fact and conclusions of law constituting grounds for any permanent injunction and for satisfaction of any other requirements pursuant to

---

[3] We note that nothing in this opinion would prevent Wife from obtaining an order of protection against Husband, upon a proper showing of proof, in addition to the injunction specified herein. *See Wiser v. Wiser*, No. M2010-02222-COA-R3-CV, 2011 WL 4729870 at *4 (Tenn. Ct. App. Oct. 7, 2011) ("Orders of Protection can co-exist with other injunctive relief granted pursuant to divorce.").

[4] Inasmuch as the permanent order of protection has been vacated, there is no need to address Husband's issues regarding the sufficiency of the evidence for entry of such an order or whether his appointed counsel in the order of protection matter should have been served with the motion seeking permanency. Any injunction granted is pursuant to the divorce action, and no dispute exists regarding whether Husband was properly served with the divorce complaint.

Tennessee Rule of Civil Procedure 65 regarding injunctions.  We affirm the trial court's judgment in all other respects.  Costs on appeal are assessed against the appellant, James Henry Swonger.

_____
THOMAS R. FRIERSON, II, JUDGE